```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

    vs.                          **Criminal Action 2:05-CR-116**
                                          **Judge Graham**

**PAUL EDWARD CALLENDER,**

        **Defendant.**

### REPORT AND RECOMMENDATION

The United States of America and defendant Paul Edward Callender entered into a plea agreement whereby defendant agreed to enter a plea of guilty to an indictment charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§922(g)(1), 924(a). On June 17, 2005, defendant, accompanied by his counsel, appeared before the undersigned for a change of plea. *See United States v. Cukaj,* 2001 WL 1587410 at *1 (6th Cir. 2001) [Magistrate Judge may accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed]; *United States v. Torres,* 258 F.3d 791, 796 (8th Cir. 2001); *United States v. Dees,* 125 F.3d 261, 263-69 (5th Cir. 1997); *United States v. Ciapponi,* 77 F.3d 1247, 1251 (10th Cir. 1996).

During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant Callender in answering questions. Based on that observation, the undersigned is satisfied that, at the time he entered his guilty plea, defendant Callender was in full possession of his faculties, was not suffering from any apparent physical or mental illness, and was not under the influence of narcotics or alcohol.

Prior to accepting defendant's plea, the undersigned addressed him personally and in open court and determined his competence to plead. Based on the observations of the undersigned, defendant Callender understands the nature and meaning of the charge returned in the Indictment and the consequences of his plea. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant Callender's plea is voluntary. Defendant Callender acknowledged that the plea agreement signed by him, his attorney and the attorney for the United States and filed on June 13, 2005, represents the only promises made to him by anyone regarding the charge in the Indictment. Defendant Callender was advised that the district judge may accept or reject the plea agreement and that, even if the Court declines to accept any provision of the plea agreement not binding on it, defendant may nevertheless not withdraw his guilty plea.

Defendant Callender confirmed the accuracy of the material aspects of the investigating officer's statement of facts supporting the charge. He confirmed that he is pleading guilty to count one of the Indictment because he is in fact guilty of the offense charged in the Indictment. The Court concludes that there is a factual basis for the plea.

The Court concludes that defendant Callender's plea of guilty to count one of the Indictment is knowingly and voluntarily made with understanding of the nature and meaning of the charge and of the consequences of his plea.

It is therefore **RECOMMENDED** that defendant Paul Edward Callender's guilty plea to count one of the Indictment be accepted. Decision on acceptance or rejection of the plea agreement was deferred

for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant Callender through counsel, a written presentence investigation report will be prepared by the United States Probation Office. Defendant Callender will be asked to provide information and his attorney may be present if defendant so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within ten (10) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

June 17, 2005                               s/Norah McCann King
                                           Norah McCann King
                                           United States Magistrate Judge